UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER S. SIMPSON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 4:14CV01119 ERW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Christopher S. Simpson's ("Movant") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1]. The Government has filed its Response to the Motion [ECF No. 11].

## **I. BACKGROUND AND PROCEDURAL HISTORY**

On March 2, 2010, Movant pleaded guilty to one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1)(a)(1) [Case 4:09CR00120 ERW, ECF No. 41]. Movant's presentence report ("PSR") determined Movant's criminal history points to be 22, establishing a criminal history category of VI [Case 4:09CR00120 ERW, ECF No. 43]. According to the PSR, Movant was considered an Armed Career Criminal pursuant to Section 4B1.4(a), as he had "three prior felony convictions for crimes of violence including: Robbery Second Degree, Aggravated Battery and Residential Burglary" [Case 4:09CR00120 ERW, ECF No. 43 at 6]. Movant's Total Offense Level was 30.

Movant's criminal history included felony convictions for: Robbery Second Degree (St. Louis, Missouri Circuit Court, No. 981-1503); Aggravated Battery (St. Clair County, Illinois Circuit Court, No. 00CF-414); Aggravated Unlawful Use of a Weapon (St. Clair County, Illinois Circuit Court, No. 00CF-1436); Residential Burglary (St. Clair County, Illinois Circuit Court, No. 01CF-802); Obstructing Justice (St. Clair County, Illinois Circuit Court, No. 00CF-530); and

Domestic Battery, Subsequent Offense (St. Clair County, Illinois Circuit Court, No. 07CF-496). The PSR determined Movant was subject to the Armed Career Criminal Act ("ACCA") 18 U.S.C. § 924(e), and calculated the recommended sentencing range for Movant as 180 to 210 months [Case 4:09CR00120 ERW, ECF No. 43]. In an Addendum, the PSR stated, in response to objection by Movant, the probation office had decided not to include Movant's Domestic Battery conviction (No. 07CF-496) as a qualifying offense under the ACCA, because only three qualifying prior convictions were necessary. The Court sentenced Movant, as an Armed Career Criminal, to a term of 180 months imprisonment [Case 4:09CR00120 ERW, ECF No. 42].

The ACCA imposes a mandatory fifteen-year prison term on an individual convicted of possession if that individual has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The career offender provision of the Sentencing Guidelines increases an adult defendant's offense level and criminal history if he has two prior felony convictions for crimes of violence or controlled substance offense. *See* U.S.S.G. § 4B1.1. A crime of violence is defined by the ACCA, and U.S.S.G. § 4B1.2(a), as an offense punishable by more than one year in prison that –

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Clause (ii) is referred to by courts as ACCA's "residual clause

Movant appealed his sentence to the Eighth Circuit Court of Appeals, arguing this Court erred in enhancing his sentence under 18 U.S.C. § 924(e), on the basis of three prior convictions for violent felonies. [Case 4:09CR00120, ECF No. 56]. In its opinion, the Eighth Circuit noted this Court had concluded Movant had four such convictions, and Movant had conceded he had two

at the time of his plea. Nevertheless, in his appeal, Movant contended his Missouri conviction for second-degree robbery did not qualify for the enhancement, because he was seventeen when he committed the offense. The Eighth Circuit rejected Movant's argument, stating:

> While it is true that only certain convictions for juvenile delinquency can serve as predicate offenses under the ACCA, *see* 18 U.S.C. § 924(e)(2)(B), and Mr. Simpson's robbery conviction is not one of those, he was tried and convicted as an adult for that robbery. There is thus no occasion to doubt that this offense counted under § 924(e). *See United States v. Nash*, 627 F.3d 693, 695-96 (8th Cir. 2010), *cert. denied*, 131 S.Ct. 1837 (2011).

*United States v. Simpson*, 419 Fed.Appx. 691, 2011 WL 2473037 (8th Cir. 2011).

In his original § 2255 Motion, Movant claims his Illinois convictions for Aggravated Battery (St. Clair County, Illinois, No. 07CF49601), and for Domestic Battery Subsequent Offense (St. Clair County, Illinois, No. 07CF49602), rest on indivisible statutory provisions in 720 ILCS 5/12-3, and he contends Illinois decisions construing the terms of this statute establish they broadly cover conduct that both does, and does not, comprise the violent behavior element required by ACCA. Movant argues bodily harm is satisfied by mere bruising, as occurs by squeezing someone's arm, and the "insulting or provoking' element has been construed generally not to require violent behavior or risk of injury. Movant asserts, under *Descamps v. United States*, 133 S.Ct. 2276 (2013), and *Tucker v. United States*, 740 F.3d 1177 (8th Cir. 2014), this conviction fails to provide requisite predicates. Movant concedes he challenged his predicate convictions under ACCA and sentencing, but asserts he may bring his present challenge because the *Descamps* opinion did not issue until after his direct appeal was final. In his pro se Motion to Amend and Supplement, Movant states his original Motion incorrectly references the convictions that do not qualify for the enhancement. He asks they be removed from his Motion, and asserts his Illinois conviction for Aggravated Battery, No. 00CF414 (2000), is the conviction he is challenging.

**II. LEGAL STANDARD FOR MOTIONS UNDER 28 U.S.C. § 2255**

A federal prisoner who seeks relief under 28 U.S.C. § 2255 on grounds "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In order to obtain relief under § 2255, the movant must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Claims, including those concerning constitutional and jurisdictional issues, unraised on direct appeal cannot subsequently be raised in a § 2255 motion unless the movant establishes "(1) cause for default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621-22 (1998)).

However, ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion even if they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception is in place to prevent movants from being forced "to raise the issue before there has been an opportunity fully to develop the factual predicate for the claim." *Id*. Additionally, a movant's attorney may serve as counsel for both the trial and appellate case, and it is unlikely that the attorney would raise a claim of his own ineffective assistance on appeal. *See United States v. Rashad*, 331 F.3d 908, 911 (D.C. Cir. 2003).

To excuse procedural default, however, a movant raising a constitutional claim for the first time in a § 2255 proceeding still must demonstrate cause and prejudice. *Anderson*, 25 F. 3d at 706. Ordinarily, issues that were raised and decided on direct appeal cannot be relitigated in a § 2255 motion. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). Exceptions to this rule are recognized only upon production of convincing new evidence of actual innocence, and are available only in the extraordinary case. *Id*.

### III. RIGHT TO EVIDENTIARY HEARING

If the movant's claims are not procedurally barred, the Court must hold an evidentiary hearing to consider the claims "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). A movant is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the movant] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (citation omitted). However, a court may dismiss a claim without a hearing "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. As movant's claims can be conclusively determined based upon the record, no evidentiary hearing will be held.

### IV. DISCUSSION

#### A. Statute-of-Limitations- Barred Claim

In its Response to Show Cause Order [ECF No. 11], the Government contends Movant's claim is barred by the statute of limitations contained in 28 U.S.C. § 2255(f), which provides for a one-year limitations period. The Eighth Circuit issued its judgment on Movant's direct appeal on June 23, 2011. Government asserts the one-year limitations period on Movant's claim began to run on September 21, 2011, when the 90 days Movant had to file a petition for writ of certiorari

of the judgment on his direct appeal expired. Government contends Movant's Motion is untimely, because he was required to file his § 2255 motion on or before September 21, 2012.

In his Motion, Movant argues his claim was not time-barred, because the June 20, 2013 *Descamps* decision established a new rule that could not previously been foreseen and constitutes a substantive rule narrowing the ACCA's scope, which applies retroactively to claims raised in habea corpus. Movant contends that his Motion is timely, because he filed it within one year of the *Descamps* decision.

Basically, Movant seems to be arguing he may challenge his sentence under § 2255(f)(3)'s saving clause. He contends the one-year limitations period in his case should not run from the date his conviction became final, but instead from the date of the Supreme Court's *Descamps* opinion, because it announced a new rule of statutory construction. Movant's argument is unavailing.

Movants are required to bring their 2255 motions within one year of a Supreme Court decision issuing a new rule of law; however, during that year, the Supreme Court must declare the rule retroactive. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive'). The case Movant relies upon was issued in June 2013, and the Supreme Court has not made *Descamps* retroactive within one year. Furthermore, in *Descamps*, the Supreme Court noted the decision's outcome was "all but resolve[d]" by prior case law. *Descamps*, 133 S.Ct. at 2283. Thus, *Descamps* did not announce a new rule, but rather clarified existing law concerning the procedure that federal courts must follow when determining whether a defendant's prior conviction qualifies as a felony under the ACCA. Consequently, courts have not found it to be a new rule, let alone retroactive. *See United States v. Montes*, 570 Fed. Appx. 830 (10th Cir. 2014); *Groves v. United States*, 755 F3d 588 (7th Cir. 2014); *United States v. Davis*, 751 F.3d 769, 775, (6th Cir. 2014);

6

*Whitaker v. Chandler*, No. 13-11280, 2014 WL 2940449 (5th Cir. July 1, 2014); *United States v. Hastings*, No. 11-25, 2014 WL 1584482 (D. Minn. April 21, 2014). Accordingly, *Descamps* does not toll the statute of limitations in this case, and Movant's § 2255 Motion must be dismissed as time barred.

### B. Procedurally-Barred or -Defaulted Claim

Moreover, even if Movant's claim was not time-barred, his claim would nevertheless be dismissed due to procedural default. With narrow exception, issues raised and decided on direct appeal cannot be relitigated in a collateral attack brought under 28 U.S.C. § 2255. *Wiley*, 245 F.3d at 752. Movant's sole ground of relief is essentially the same claim of error addressed by the Eighth Circuit in his direct appeal. Consequently, Movant is barred from raising that same argument in a § 2255 motion. Exception to this well-established rule has been recognized by the Eighth Circuit only when movants produced convincing new evidence of actual innocence. *Wiley*, 245 F.3d at 752. Movant has failed to produce any evidence of actual innocence. Moreover, even if he had, Movant could not prevail because the Eighth Circuit has held that the actual innocence exception does not apply to noncapital sentences. *Id*.

On direct appeal, Movant contended his prior Missouri conviction for second-degree robbery did not qualify for the ACCA enhancement, because he was seventeen when he committed the offense. *United States v. Simpson*, 419 Fed.Appx. at 691. The Eighth Circuit disagreed, stating there was no occasion to doubt the offense counted under § 924(e), because Movant was tried and convicted as an adult for the robbery. *Id*. at 691-92. In its opinion, the Eighth Circuit specifically noted this Court had concluded that, in addition to three other qualifying convictions, Movant's prior conviction for domestic battery was a violent felony under § 924(e), and that Movant had failed to challenge that finding on appeal. *Id.* at 692. The Eighth Circuit further stated, "Because he has conceded that he has two other qualifying convictions in addition to the

7

one for domestic battery, even without the contested robber conviction Mr. Simpson's prior crimes qualify him for the ACCA enhancement. *Id*.

Generally, absent a showing of either cause and prejudice, or actual innocence, federal criminal defendants who fail to preserve a claim by objecting at trial and raising it on direct appeal are procedurally barred from raising the claim in a § 2255 motion. *Massoro*, 538 U.S. at 504. The perceived futility of a claim due to preexisting precedent at time of sentencing does not establish the requisite cause to excuse default. Movant does not demonstrate cause and prejudice for the default, nor can he satisfy the actual innocence exception to the procedural bar. The Court finds Movant's claim is procedurally defaulted.

## V. CERTIFICATE OF APPEALABILITY

The Court finds that Movant has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Movant's § 2255 Motion.

## VI. CONCLUSION

Movant's asserted grounds of relief are clearly refuted by the record in this case, and therefore an evidentiary hearing is not required for any of his claims of error. Further, Movant has failed to demonstrate that his sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by the law. Thus, Movant's § 2255 claims fail, and he is not entitled to the relief he seeks.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Christopher S. Simpson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1] is **DENIED**. Movant's Motion is **DISMISSED, with prejudice**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's § 2255 Motion.

So Ordered this 8th day of October, 2014.

*E. Richard Webber* (signature)

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**