UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SIMPSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:14CV01119 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner's "Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b)" [ECF No. 14].

**I.    BACKGROUND**

On March 2, 2010, Petitioner pled guilty to one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1)(a)(1) [Case 4:09CR00120 ERW, ECF No. 41]. Probation's Presentence Investigation Report recommended Petitioner's criminal history points to be 22, with a criminal history category of VI [Case 4:09CR00120 ERW, ECF No. 43]. According to the Presentence Report, Petitioner was considered an Armed Career Criminal pursuant to Section 4B1.4(a), as he had "three prior felony convictions for crimes of violence including: Robbery Second Degree, Aggravated Battery and Residential Burglary" [Case 4:09CR00120 ERW, ECF No. 43 at 6]. Petitioner's Total Offense Level was 30. On September 28, 2010, the Court sentenced Petitioner, as an Armed Career Criminal, to a term of 180 months imprisonment [Case 4:09CR00120 ERW, ECF No. 42]. The Eighth Circuit Court of Appeals upheld the sentence. *United States v. Simpson*, 419 Fed.Appx. 691, 2011 WL 2473037 (8th Cir. 2011).

On June 19, 2014, Petitioner filed his "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [ECF No. 1]. In dismissing the § 2255 Motion, this Court provided two separate and independent bases. First, the Court determined Petitioner's Motion was "time barred" under "the statute of limitations contained in 28 U.S.C. § 2255(f), which provides for [a] one-year limitations period" [ECF No. 12 at 5]. In doing so, the Court rejected Petitioner's contention the Supreme Court's decision in *Descamps v. United States*, 133 S.Ct. 2276 (2013), tolled the statute of limitations in his case [ECF No. 12 at 7].[1] Second, the Court also determined Petitioner's § 2255 Motion should be "dismissed due to procedural default" [ECF No. 12 at 7]. Specifically, the Court determined the "sole ground for relief" asserted in Petitioner's § 2255 Motion was "essentially the same claim of error addressed by the Eighth Circuit in his direct appeal.[2] Consequently [Petitioner] is barred from raising that

---

[1] Specifically, Petitioner had argued "his claim was not time-barred, because the June 20, 2013 *Descamps* decision established a new rule that could not previously [have] been foreseen and constitutes a substantive rule narrowing the ACCA's scope, which applies retroactively to claims raised in habeas corpus" [ECF No. 12 at 6]. Accordingly, Petitioner contended his Motion was timely because he filed it within one year of the *Descamps* decision [ECF No. 12 at 6].

[2] In his § 2255 Motion, Petitioner challenged the ACCA enhancement of his sentence based on violent felony convictions, specifically referring to his aggravated battery and domestic battery convictions [ECF No. 1 at 4]. In his direct appeal to the Eighth Circuit Court of Appeals, Petitioner had claimed this Court erred in enhancing his sentence under the ACCA based on his three prior convictions for violent felonies. *U.S. v. Simpson*, 419 Fed.Appx. 691, 691 (8th Cir. 2011). Specifically, Petitioner argued his conviction for second-degree robbery did not qualify for the ACCA enhancement. *Id.* The Eighth Circuit found "no occasion to doubt that this offense counted under § 924(e)," and that court also mentioned this Court had found the domestic battery conviction to be a violent felony, noting Petitioner had failed to challenge that holding on appeal. *Id.* at 692.

Again, in dismissing Petitioner's § 2255 Motion, this Court found the sole ground of relief asserted in the Motion to "essentially [be] the same claim of error addressed by the Eighth Circuit" [ECF No. 12 at 7]. However, this Court also noted the Eighth Circuit's mention of Petitioner's failure to challenge, on appeal, the violent felony ruling regarding the domestic battery conviction. Accordingly, to the extent Petitioner's ground in his § 2255 Motion was not "essentially the same claim" as the issue discussed by the Eighth Circuit, this Court alternatively found the claim to be procedurally defaulted for failure to raise the issue on direct appeal [*See* ECF No. 12 at 8 ("Generally, absent a showing of either cause and prejudice, or actual

same argument in a § 2255 motion" [ECF No. 12 at 7]. Subsequently, Petitioner filed the pending "Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b)" [ECF No. 14].

**II.    DISCUSSION**

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment and request the reopening of the case under a limited set of enumerated circumstances. *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005); Fed. R. Civ. P. 60(b). In particular, while Rule 60(b)(1)-(5) entitles a moving party to relief from judgment on several specific grounds, Rule 60(b)(6) includes a catch-all category, permitting the reopening of a case when the movant shows "any other reason" justifying relief. Fed. R. Civ. P. 60(b)(1)-(6). Here, Petitioner's Motion fails to identify the exact Rule 60(b) provision under which he seeks relief. The Court will assume Petitioner intended to bring his Motion under Rule 60(b)(6).

The Eighth Circuit Court of Appeals "has maintained consistently that Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment." *Spinar v. Board of Regents of South Dakota*, 796 F.2d 1060, 1062 (8th Cir. 1986) (citing *Hartman v. Lauchli*, 304 F.2d 431, 432 (8th Cir. 1962); *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980)) (internal quotations omitted). Simply asserting a court made a legal error does not set forth a ground for relief cognizable under Rule 60(b). *Spinar*, 796 F.2d at 1062. Additionally, all motions made under Rule 60(b) must "be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Further, the Supreme Court requires all movants seeking relief under Rule 60(b)(6) to show "extraordinary circumstances" justifying the reopening of the final judgment. *Gonzalez*, 545 U.S. at 535 (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950)); *see also Harley v.*

---

innocence, federal criminal defendants who fail to preserve a claim by objecting at trial and raising it on direct appeal are procedurally barred from raising the claim in a § 2255 motion.") (citing *Massaro v. U.S.*, 538 U.S. 500, 504 (2003))].

*Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005) ("Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress."). However, the Supreme Court has recognized "[s]uch circumstances will rarely occur in the habeas context." *Id.*

The Court previously dismissed Petitioner's § 2255 Motion for two separate and independent reasons: (1) failure to abide by the statute of limitations; and (2) a "procedural default." Regarding (1), Petitioner, in his 60(b) Motion, merely argues this Court made a legal error in reaching its statute of limitations conclusion. Regarding (2), Petitioner makes similar legal-error arguments about the Court's "procedural default" ruling, and also presents arguments seeking excusal of the default. For the reasons stated *infra*, the Court will deny Petitioner's Motion.

## A. *Petitioner's Legal-Error Arguments*

Part II of the pending Motion is entitled, "The District Court's Dismissal Rests on Clear Error" [ECF No. 14 at 3]. In Section A of this part, Petitioner argues the Court's prior statute of limitations ruling constitutes legal error. Specifically, Petitioner disagrees with the Court's following determinations: (a) *Descamps* did not announce a "new rule"; and (b) the Supreme Court has not made the *Descamps* decision retroactive [*See* ECF No. 12 at 6-7 (containing this Court's rulings)]. Petitioner cites numerous cases in arguing this Court erred in determining *Descamps* was not retroactive [ECF No. 14 at 3-11]. For instance, Petitioner claims the Supreme Court has made the *Descamps* decision "retroactive in collateral proceedings" through "multiple holdings" [ECF No. 14 at 3-4]. Petitioner concludes, "In short, the Court's memorandum dismissing the retroactive reach of *Descamps* rests on mistake and stands in conflict with the

foregoing authorities" [ECF No. 14 at 11].³  These legal-error arguments constitute Petitioner's only asserted grounds for relief relating to the statute of limitations issue.

Similarly, Section B of Part II of the pending Motion also includes legal-error arguments, this time relating to the Court's prior "procedural default" ruling.⁴  Petitioner argues this Court "also clearly erred in denying relief on the basis that his right to habeas relief from his illegal sentence is procedurally barred or defaulted" [ECF No. 14 at 12].  Specifically, Petitioner claims he "did not procedurally default his pending challenge to his 15 year ACCA sentence because

---

³ Although the Court's present ruling is based on finding Petitioner's legal-error arguments to be improper for a Rule 60(b) Motion, the Court notes Petitioner's arguments fail to establish retroactivity through multiple holdings.  Petitioner cites no Supreme Court case explicitly and directly finding the *Descamps* decision to be retroactive.  Rather, Petitioner claims the Supreme Court has made the *Descamps* decision "retroactive in collateral proceedings" indirectly through "multiple holdings" [ECF No. 14 at 3-4 (citing *Tyler v. Cain*, 533 U.S. 656 (2001))].  Under this "multiple holdings" theory, "[m]ultiple cases can render a new rule retroactive only if the holdings in those cases necessarily dictate retroactivity of the new rule."  *Tyler*, 533 U.S. at 666.  If the Supreme Court "hold[s] in Case One that a particular type of rule applies retroactively to cases on collateral review and hold[s] in Case Two that a given rule is of that particular type, then it necessarily follows that the given rule applies retroactively to cases on collateral review.  In such circumstances," the Supreme Court "can be said to have 'made' the given rule retroactive to cases on collateral review."  *Id.* at 668-69 (O'Connor, J., concurring).  The *Tyler* case makes clear the Supreme Court is the only entity which can make a new rule retroactive; the combined action of the Supreme Court and the lower courts cannot make a new rule retroactive.  *Id.* at 663.  Thus, achieving retroactivity through "multiple holdings" requires multiple *Supreme Court* holdings.  Here, Petitioner provides a Supreme Court case generally proclaiming all "new substantive rules" to "apply retroactively" [ECF No. 14 at 4], but he does not cite to a Supreme Court case holding the *Descamps* decision is a "new substantive rule."  Petitioner merely argues *Descamps should be found* to constitute such a "new substantive rule."  Without a second Supreme Court case actually identifying the *Descamps* case as a "new substantive rule," Petitioner's "multiple holding" argument fails.  *See Tyler*, 533 U.S. at 666 (applying the same logic to a discussion of prior holdings in a different context) ("The only holding in *Sullivan* is that a *Cage* error is structural error.  There is no second case that held that all structural-error rules apply retroactively or that all structural-error rules fit within the second *Teague* exception.").  Thus, the legal arguments propounded by Petitioner here, in opposition to the Court's prior statute of limitations ruling, would not provide him with relief even if they had been properly brought before the Court.
⁴ However, as mentioned in Note 6, *infra*, Petitioner's discussion of "procedural default" also contains other types of arguments, including those relating to the "cause and prejudice" and "miscarriage of justice" standards.

the ability to challenge a sentence exceeding the statutory maximum cannot be waived and, by analogy, cannot be defaulted" [ECF No. 14 at 12].

In making these legal-error arguments, Petitioner has mistaken the purpose of Rule 60(b). With these arguments, Petitioner is merely contending this Court erred as a matter of law in dismissing the § 2255 Motion on statute of limitations and procedural default grounds. Such arguments do not set forth a ground for relief cognizable under Rule 60(b), and the Court need not address the merits of these arguments. *See Spinar*, 796 F.2d at 1062. Therefore, to the extent Petitioner's Motion asserts grounds for relief based on legal errors allegedly made by this Court in its dismissal of Petitioner's § 2255 Motion, this Motion will be denied.

## B.     *Conclusion*

In its prior ruling, the Court discussed the statute of limitations issue and the procedural default issue as two separate and independent bases for dismissing Petitioner's § 2255 Motion.[5] Stated another way, Petitioner's § 2255 Motion would have been dismissed even if the Court had not found a "procedural default." This being the case, a successful Rule 60(b) claim convincing this Court "to set aside the prior ruling and consider the matter more fully to reach the merits of [Petitioner's] *Descamps* claim" [ECF No. 14 at 11] would need to address *both* of the Court's prior bases of dismissal. However, in the portion of his Motion dedicated to attacking the statute of limitations ruling (Part II, Section A), Petitioner *only* makes the type of legal-error argument discussed above, which the Court has determined does not set forth a ground for relief cognizable under Rule 60(b). Having failed to set forth a ground for relief cognizable under Rule 60(b) relating to the statute of limitations ruling, Petitioner has failed to establish

---

[5] In dismissing Petitioner's § 2255 Motion, the Court stated, "Moreover, even if [Petitioner's] claim was not time-barred, his claim would nevertheless be dismissed due to procedural default" [ECF No. 12 at 7].

"exceptional circumstances" with regard to that issue.

Without any remaining arguments as to the statute of limitations ruling, Petitioner cannot prevail here. Specifically, because Petitioner cannot properly overcome the statute of limitations issue, which is a pre-requisite for relief here, none of the procedural default arguments found in Part II, Section B can provide Petitioner with relief.[6] Thus, having failed to overcome the prior statute of limitations ruling, Petitioner's Motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's "Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b)" [ECF No. 14] is **DENIED**.

So Ordered this  17th  Day of February, 2015.

_E. Richard Webber_ (signature)

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

---

[6] Admittedly, the latter portion of Section B in Petitioner's Motion includes arguments separate from any allegations the Court made legal errors in its prior ruling. For instance, after arguing the Court's prior procedural default ruling was made in error, Petitioner then contends he can establish "cause and prejudice" [ECF No. 14 at 15-19]. He also argues his procedural default should be excused because he suffered a "miscarriage of justice" [ECF No. 14 at 15]. However, because Petitioner has not properly brought any arguments relating to the statute of limitations issue, and therefore cannot prevail, the Court need not address the remaining arguments in Section B.